IN RE APPLICATION OF JOHN J. RYAN FOR A LICENSE TO SELL INTOXICATING LIQUORS.

1. INTOXICATING LIQUORS—LICENSES—FORFEITURE.

Where the holder of a liquor license removes from the premises within one year after the license is granted without transferring the license to the incoming tenant, the license is, in effect, forfeited.

2. INTOXICATING LIQUORS—LICENSES—PROCEEDINGS TO PROCURE LICENSE.

Where a liquor license is, in effect, forfeited by not being transferred to an incoming tenant upon the removal of the holder, the court may approve an application for a license to such incoming tenant within the year for which the former license had been granted.

3. INTOXICATING LIQUORS—LICENSES—PROCEEDINGS TO PROCURE.

Where a liquor license has, in effect, been forfeited by not being transferred to the incoming tenant, upon the removal of the holder from the premises, an application by such incoming tenant is considered as an application for a license for an old place and not for a new place.

4. INTOXICATING LIQUORS—PROCEEDINGS TO PROCURE LICENSE—REMONSTRANCES.

On an application for a liquor license, the court will, under proper remonstrances, ordinarily only hear evidence of violations of the liquor laws committed on the premises within one year immediately preceding the date of the application against which the remonstrance was filed.

(*June* 1, 1915.)

Judges RICE and HEISEL sitting.

*Hugh M. Morris* (of *Saulsbury, Morris and Rodney*) for the applicant.

*Caleb E. Burchenal* and *Horace G. Eastburn* for remonstrants.

Court of General Sessions, New Castle County, May Term, 1915.

On remonstrance against the application of John J. Ryan for a license to sell intoxicating liquors. License granted.

The contentions appear in the opinion of the court.

RICE, J., delivering the opinion of the court:

Remonstrance was filed against the application of John J. Ryan for a license to sell intoxicating liquors in the premises located at the southeast corner of Thirteenth and Heald Streets, in the City of Wilmington. In the remonstrance three reasons are assigned why the application should not be approved by the court.

The first reason and the only one we will now consider is as follows:

"We are informed and believe that Lewis F. Miller already holds a license for the said premises issued to him by this court on November 20, 1914, and that therefore a license cannot be issued to the said John J. Ryan for the same premises."

The facts of the case so far as applicable to the question raised in the first reason, stated briefly are: That Lewis F. Miller had a license issued to him on November 20, 1914, and during the term of that license moved from the premises, and he has not made application to have the license transferred to the incoming or present tenant, who has now filed an application in this court, for a license for the same premises.

[1-3] Under the law of this state the licensee is required to be the occupant of the premises wherein he is licensed to sell intoxicating liquors, and the license is granted for the period of one year from its date. When the licensee ceases for any reason to occupy the premises he may, under the provisions of our statute law upon proper approval, transfer the license to the incoming tenant, and although he should refuse or fail to do this he is not permitted under that license to sell from any other premises. We are of the opinion that where the license is not, under such circumstances, transferred to the incoming tenant the same is in effect forfeited. And if the license is in effect forfeited the court has the right in law, upon a proper showing of facts, to approve an application for a license, to the then occupant of

the same premises, within the year for which period the former license had been granted. The court in such a case considers that the application for a license is for an old place and not for a new place. The application being for an old place the court will hear anything, under proper remonstrance, that would have been heard by it concerning the conduct of the place by the holder of the license which in effect was forfeited, excepting the personal fitness of that person.

[4] At the hearing of the present application the question was raised, whether the court would hear evidence of violations of the liquor laws, occurring on the licensed premises, prior to the time the court approved the application immediately preceding the present one. While it may be said that any violations by a licensed dealer of intoxicating liquors should have been called to the court's attention at the time the preceding application was approved, yet it often appears as a fact, that the authorities are unable to secure evidence of violations until some time after the violations have been committed. Sometimes it would be a harsh rule not to permit, under a remonstrance, proof of violations occurring immediately prior to the date the last preceding application was approved. As the application for a license must be filed thirty days before the beginning of the term of court to which the application is made, we believe the better rule to be the one which we understand has been announced by this court in at least one other case in this county, viz.: That under proper remonstrance, the court will ordinarily only hear evidence of violations committed within one year immediately preceding the date of filing of the application against which the remonstrance is filed.

After a full consideration of the evidence the court are of the opinion that the present application should be approved.